**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

January 16, 2015

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    United States v. Greisman, 09 Cr. 581 (WHP)

Dear Judge Pauley:

    We write to request permission from Your Honor for defendant Robert Greisman to be temporarily released from his current home-detention conditions of confinement to allow him to participate in a Tax Court proceeding, styled New Millennium Trading, LLC, AJF-1, LLC, Tax Matters Partner (Docket No. 3439-06), which is scheduled to go to trial in Atlanta on February 9, 2015.

    Mr. Greisman has served the custodial part of his sentence and is currently on home confinement, which we understand includes a monitoring device.  We have been informed by Mr. Greisman's Probation Officer in Chicago that, in order for Mr. Greisman to meet with IRS Counsel in advance of the trial (to prepare his testimony) and to travel to Atlanta to testify (which is estimated to cover 3 days, including travel), the Court would have to approve a temporary removal of the monitoring device and the condition that Mr. Greisman not leave his home.

    Because the proceeding at which Mr. Greisman's testimony is needed involves a BDO Seidman tax shelter, and that such testimony is required as part of Mr. Greisman's cooperation, we respectfully request that Your Honor approve our request.  Stated simply, Mr. Greisman's testimony is important to establishing the IRS's position in the Tax Court proceeding.

    Finally, we also request that the time spent assisting the IRS in connection with the Tax Court proceeding --- that is, at meetings preparing his testimony, and in connection with the actual trial --- not serve to stop the running of the home confinement portion of Mr. Greisman's

sentence. Mr. Greisman's Probation Officer has informed us that District Courts have granted similar relief in the past, and we do not believe that Mr. Greisman should be penalized (by having the home confinement part of his sentence halted) simply because he is required to leave his home to assist the Government in an important Tax Court proceeding.

We have spoken to defense counsel for Mr. Greisman, Robert Hotz, Esq., and he has indicated that the defendant does not object to the relief sought herein. Like the Government, Mr. Hotz requests that Mr. Greisman's home-confinement clock not be halted.

Thank you for considering this request.

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

                                    By: //s// Stanley J. Okula, Jr.
                                        Stanley J. Okula Jr.
                                        Assistant U.S. Attorney
                                        (212) 637-1585

cc:    Robert Hotz, Esq.
       Counsel for Robert Greisman

       Juan Tapia
       United States Probation (Chicago)